Battle, J.
 

 This was a petition for a cartway filed in the County Court, under sec. 37 of ch. 101 of the Rev. Code. To constitute a court having jurisdiction to grant the prayer of such a petition, it is essential that seven justices shall be present, as is expressly required by the act. The transcript of what purports to be the record of the County Court, when the order for the laying out of the cartway in the present case was made, recites “seven justices being present,” but does not set out their names, and the defendant’s counsel objects that it is fatally defective on that account. The ground of the objection is that it does not appear that there was any court having jurisdiction of the subject matter, and that consequently the order for the cartway was null and void.
 

 
 *500
 
 Upon an examination of the authorities, we find that the objection is fully sustained by them. As early as the time of Queen Elizabeth we find that a presentment in the Quarter Sessions was quashed upon
 
 certiorari,
 
 because it did not state the justices before whom it was taken.
 
 Ludlow's case,
 
 Cro. Eliz., 738. At a later period, the same doctrine was held in the
 
 King
 
 v.
 
 Vaws,
 
 1 Mod., 24, and Sergeant Hawkins, in his pleas of the Crown, says that it seems generally agreed that if the caption of an indictment, at the sessions of the peace, do not mention before whom it was holden, or if it be set forth generally as holden before justices of the peace, without naming them, it is insufficient. Haw. Pl. Cr., b. 2, ch. 25, sec. 125. The rule has been adopted in this State, -and is applicable to civil as well as criminal cases. See
 
 State
 
 v.
 
 King,
 
 5 Ire., 203. The reason for the rule, as given in that case is, ‘-that it must appear that there were three justices, in order that we may see that the record was really made up under the authority of those who were competent to make it, or have it made. It is arguing in a circle when it is said there were three justices, because the record says it is the record of
 
 the court,
 
 for it must first be seen who* made the record, before we can tell whether it be the record of the court or not.” What is thus said of the necessity of naming the three justices, who are competent to hold a court of Pleas and Quarter Sessions while sitting for the dispatch of ordinary business, will apply with equal force to a court consisting of a larger number, when such number is required on special occasions.
 
 Foster
 
 v.
 
 Deans,
 
 4 Hawks., 299. But it is objected that in certain cases, as for instance when a guardian bond is taken, it is expressly required by statute that the names of the justices, who may be present holding the court, must be recorded — (see Rev. Code, ch. 54, sec. 6) —and it is argued from this that they need not be named on ordinary occasions. The reply to this objection is that
 
 *501
 
 when the County Court meets, with three or more named justices on the bench, they, or a sufficient number of the other justices of the county are presumed to be continually present holding the court until the end of the term. See the cases of the
 
 State
 
 v.
 
 King
 
 and
 
 Foster
 
 v. Deans, above referred to. In the last named case, it is said that “It is impossible to shut our eyes to the fact that thoug'h the court may be in session throughout the day, the individuals composing it are continually changing, and, of these changes, no memorial is made by the clerk. Sometimes three justices are collected for the purpose of opening the court, which when they have done, they yield their places to others, whose stay there may also be brief, and the physical identity of the court-change with
 
 every
 
 .passing hour,
 

 --tU u/nda impellitur u/nda,
 

 Témpora siefugiunt pariter, pariterque tseqmmtw.”
 

 Hence it is manifest that when the justices] who take an insufficient guardian bond, are to be rendered liable, as they are by the 2d section of the act to which reference has been made, the names of those present and taking such bond, must necessarily be recorded.
 

 It is a matter of regret that the case as now presented to us must be decided, not upon its merits, but upon the insufficiency of a record, which the clerk of the County Court ought to have made perfect by inserting the names of the seven justices who were present when the order in question was granted. There cannot for the future be any excuse for a similar mistake, as Mr. Eaton’s excellent book of Forms gives, at page 626, a well drawn form for the transcript of a. record of the County Court, and, at page 629, one for that of the Superior Court.
 

 The judgment of the Superior Court must be reversed*
 
 *502
 
 and this opinion must be certified to that Court to the end that the petition may be dismissed.
 

 Per Curiam. Ordered accordingly.